FILED

AUG 1 1 2008

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| LEANNE SMITH<br>    Plaintiff,<br>v.<br><br>LVNV FUNDING, LLC;<br><br>RLI INSURANCE COMPANY;<br><br>HOSTO & BUCHAN, P.L.L.C.<br>d/b/a HOSTO, BUCHAN, PRATER &<br>LAWRENCE, P.L.L.C.<br>and d/b/a HOSTO, BUCHAN, PRATER<br>AND LAWRENCE<br><br>WESTERN SURETY COMPANY<br>    Defendants | §<br>§<br>§ Case No.: **A08CA 606LY**<br>§<br>§<br>§ COMPLAINT AND JURY DEMAND<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, LEANNE SMITH ("Smith") brings suit against Defendant LVNV Funding LLC ("LVNV") for its for violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., (F.D.C.P.A.), the Texas debt collection act, Ch. 392 Tex. Fin. C., the Fair Credit Reporting Act, and for other violations. Plaintiff further

### A. JURISDICTION AND VENUE

1. The Court has federal question jurisdiction over the lawsuit because the action arises under the Fair Debt Collection Practices Act, ("F.D.C.P.A.") 15 U.S.C. 1692, et seq., and the Fair Credit Reporting Act ( "F.C.R.A."), 15 U.S.C. 1691 *et seq.* Jurisdiction of the Court arises under 28 U.S.C. 1331 in that this dispute involves predominant issues of federal law, the F.D.C.P.A. and the F.C.R.A. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

The court has supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiff's claims state law claims Plaintiff because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution. The Court specifically has jurisdiction over Defendants RLI and Western Surety under 28 U.S.C. § 1367(a) (the federal court's "supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties).

2. Plaintiff LEANNE SMITH is an individual residing at 13010 Fieldstone Loop, Austin, Hays County, TX 78737-9631.

3. Defendant LVNV FUNDING LLC ("LVNV") a foreign limited liability corporation organized and existing under the laws of the State of Delaware. Defendant LVNV FUNDING LLC may be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701, as its agent for service because said Defendant engages in business in Texas but does not maintain a regular place of business in this state or a designated agent for service of process, and this suit arose out of said Defendant's business in Texas. Tex. Civ. Prac. & Rem. Code §§17.044(b), 17.045. The Texas Secretary of State may also forward a copy of the summons and complaint of this cause to its Delaware registered agent Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

4. The Court has jurisdiction over Defendant LVNV, a nonresident. Said Defendant has purposefully availed itself of the privileges and benefits of conducting business in Texas by engaging in business in Texas. Said Defendant engaged in business in Texas by attempting to collect an alleged debt against Plaintiff in Texas in a manner that violated the F.D.C.P.A. and that form the basis of the other claims brought by way of this complaint.

5. Defendant Hosto & Buchan P.L.L.C., dba Hosto, Buchan, Prater & Lawrence, P.L.L.C. and d/b/a Hosto, Buchan, Prater and Lawrence ("Hosto") is a professional limited liability company organized and existing under the laws of the State of Arkansas, with a principal place of business at 701 W 7th St., Little Rock, AR 72201. Said Defendant may be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701, as its agent for service because said Defendant engages in business in Texas but has had its corporate charter revoked by the Texas Secretary of State as of the time of the filing of this complaint. The Texas Secretary of State may also forward a copy of the summons and complaint of this cause to Hosto's principal place of business at 701 W 7th St., Little Rock, AR 72201.

6. On information and belief Hosto, Buchan, Prater & Lawrence, P.L.L.C. is merely a dba for Hosto & Buchan P.L.L.C., and does not exist as a separate entity.

7. The Court has jurisdiction over Hosto, a nonresident. Said Defendant has purposefully availed itself of the privileges and benefits of conducting business in Texas by engaging in business in Texas. Said Defendant engaged in business in Texas by attempting to collect an alleged debt against Plaintiff in Texas in a manner that violated the F.D.C.P.A. and that form the basis of the other claims brought by way of this complaint.

8. Defendant Western Surety Company ("Western Surety") is a foreign corporation organized and existing under the laws of the State of South Dakota, with a principal place of business at 101 South Phillips Ave. Sioux Falls SD 57117-5077. Said Defendant may be served by and through its registered agent C T Corporation System, 350 North St. Paul St., Dallas, TX 75201.

9. The Court has jurisdiction over Defendant Western Surety, a nonresident. Said Defendant has purposefully availed itself of the privileges and benefits of conducting business in Texas by engaging in business in Texas. Specifically, issued a bond to Defendant Hosto to collect debts in Texas.

10. Defendant RLI Insurance Company ("RLI Insurance") is a foreign corporation organized and existing under the laws of the State of Illinois, with a principal place of business at 9025 North Lindbergh Dr., Peoria IL 61615 -1431101. Said Defendant may be served by and through its registered agent Roy C. Die, 8 Greenway Plaza Suite 400, Houston, TX 77046-0899.

11. The Court has jurisdiction over Defendant RLI Insurance, a nonresident. Said Defendant has purposefully availed itself of the privileges and benefits of conducting business in Texas by engaging in business in Texas. Specifically, issued a bond to Defendant Hosto to collect debts in Texas.

12. Venue is proper in this District because all or a substantial part of the events or omissions giving rise to their claims occurred in Hays County, Texas.

13. All conditions precedent necessary to maintain this action have been performed or have occurred.

### D. STATEMENT OF FACTS

14. Defendant Western Surety is the bonding company for Defendant Hosto, and Defendant RLI Insurance is the bonding company for Defendant LVNV. Pursuant to Tex. Fin. C. § 392.102 and pursuant to the terms of the bond agreement itself, said bonding companies are liable for the debt collection violation claims Plaintiff can bring against the respective debt collectors for

which they provide a bond. Therefore, when this complaint refers to liability of Hosto it applies equally to Western Surety, and when this complaint refers to liability of LVNV it applies equally to LVNV.

15. On or about April 23, 2007 Defendant Hosto filed suit on behalf of its client against in Cause No. <u>10910-C</u>, <u>LVNV Funding L.L.C. V. Leanne Smith</u>, County Court at Law, Hays County, TX ("the state court action").

16. By way of said suit, LVNV and Hosto brought time-barred claims for unjust enrichment, quantum meruit and money had and received. When filing suit, LVNV and Hosto knew that the statute of limitations for said claims was two years and knew that these claims were time barred, but willfully and wantonly brought said claims. Further, it is the policy of Hosto to intentionally file suit with claims governed by a two year statute of limitations when they know those claims are time-barred.

17. In the state court action, LVNV and Hosto made demand for attorney's fees and pre-judgment interest for claims of unjust enrichment, quantum meruit and money had and received, when it knew that said remedies were not available for those claims. Further, it is the policy of Hosto to intentionally file claims seeking this relief not authorized by law.

18. In communications with Plaintiff and with third-parties LVNV and Hosto misrepresented the character, extent and amount of the debt upon which they filed suit.

19. In the underlying action Hosto, on behalf of LVNV, contacted Smith directly, making an end-run around the attorney Hosto and LVNV knew represented Smith in said lawsuit.

20. On May 22, 2007 Hosto received from opposing counsel in the underlying action "Defendant's Original Answer and Affirmative Defenses."

21. The discovery requests propounded on Hosto in the underlying included requests for admission. After more than 33 days from the date of service Hosto did not answer the requests for admission, therefore deeming all of the admissions. The admissions that Hosto admitted laid out facts that would make both Hosto and its client LVNV Funding liable for violations of the F.D.C.P.A. and the Texas debt collection act.

22. On LVNV and Hosto filed suit for claims that were barred by the statute of limitations.

23. On information and belief, when filing suit both LVNV and Hosto knew, had reason to know, or failed to determine that some or all of the claims they brought were barred by the statute of limitations.

24. In the state court action, LVNV and Hosto made demand for attorney's fees and pre-judgment interest for claims of "quantum meruit/ unjust enrichment" when such remedies are not authorized under Texas law.

25. On or about July 20, 2007 the court in the state court proceeding entered Take Nothing Judgment, an adjudication on the merits that extinguished the underling debt for which LVNV had filed suit.

26. Plaintiff had filed no counterclaims in the underlying action.

27. After the entry of the Take Nothing Judgment, LVNV reported the debt on Plaintiff's credit report even though the debt had been extinguished by entry of judgment.

28. Plaintiff disputed LVNV reporting of the extinguished debt, but LVNV verified the debt as true and owing.

29. After the entry of the Take Nothing Judgment, LVNV and Hosto directed correspondence to Plaintiff representing that Plaintiff still owed them the debt in the underlying action even though the debt had been extinguished by entry of judgment.

30. On information and belief, Hosto failed to inform LVNV that the court in the state court proceeding entered a Take Nothing Judgment extinguishing the debt.

31. In the alternative, also on information and belief, LVNV knew, had reason to know, or failed to determine the underlying debt for which it was continuing to seek to collect was extinguished by the entry of the Take Nothing Judgment in the underlying action.

32. LVNV has "double reported" the same debt on one or more of Plaintiff's credit reports, thereby driving down Plaintiff's credit score.

33. LVNV and/or Hosto contacted Plaintiff's family members in an attempt to collect the debt upon which they filed suit.

     **E.** **COUNT # 1: Violations of the federal Fair Debt Collection Practices Act**

34. Plaintiff incorporates by referent the above statement of facts.

35. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

36. LVNV and Hosto are each a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6).

37. The obligation alleged by LVNV and Hosto in the state court action is a "debt" as defined by 15 U.S.C. § 1692a(5).

38. Smith brings these F.D.C.P.A. claims as a "private attorney general" acting in the in the interest of all consumers. See S. Rep. No. 382, 95th Con., 1st Sess. 5, ("The committee views this legislation as primarily self-enforcing; consumers who have been subject to debt collection abuses will be enforcing compliance.").

39. LVNV and Hosto violated the following sections of the Fair Debt Collection Practices Act (the "F.D.C.P.A."): 15 U.S.C. 1692b, 1692c, 1692d, 1692e, 1692f, and 1692g. By way of example and not limitation Plaintiff has violated these provisions by misrepresenting the character, status, and amount of the debt; making a false, deceptive, or misleading representation or means in connection with debt collection; communicating or threatening to communicate to any person credit information which is known or which should be known to be false; attempting to collect an amount not permitted by law; and using a unfair or unconscionable means to collect or attempt to collect an alleged debt.

40. Plaintiff seeks attorney's fees, costs, actual damages and statutory damages of $1,000.00 for these violations on the federal act.

### F. COUNT # 2: Violations of the Texas debt collection statute, Tex. Fin. C. § 392.001 *et seq*

41. Plaintiff incorporates by referent the above statement of facts.

42. Plaintiff is a "consumer" as that term is defined by Tex. Fin. C. § 392.001(1).

43. LVNV and Hosto are each a "third-party debt collector" as that term is defined in Tex. Fin.

- 8 -

C. § 392.001(7).

44. The obligation alleged by LVNV and Hosto in the state court action is a "consumer debt" as that term is defined in Tex. Fin. C. § 392.001(2).

45. At all times relevant to this suit Western Surety has been the bonding company for Hosto pursuant to Tex. Fin. C. § 392.102.

46. At all times relevant to this suit RLI insurance has been the bonding company for LVNV pursuant to Tex. Fin. C. § 392.102.

47. LVNV and Hosto violated Tex. Fin. C. § 392.001 et seq., the Texas debt collection act. By way of example and not limitation LVNV and Hosto have violated the statute by misrepresenting the character, status, and amount of the debt; making a false, deceptive, or misleading representation or means in connection with the debt collection; communicating or threatening to communicate to any person credit information which is known or which should be known to be false; attempting to collect an amount, including interest, not authorized by law; and by using a unfair or unconscionable means to collect or attempt to collect an alleged debt.

48. A prevailing consumer in a Texas debt collection action is entitled to actual damages, additional statutory damages of $100.00 *per violation*, and mandatory attorney's fees and cost, and these are so sought. Smith also seeks a permanent injunction to prohibit LVNV and Hosto from again violating the debt collection statutes.

### G.   COUNT # 3: Tort of unfair debt collection.

49. Plaintiff incorporates by referent the above statement of facts.

50. The actions that violate the debt collection statute also constitute the tort of wrongful debt collection, which allows for the recovery of actual and punitive damages, and are so sought. Duty v. General Finance Company, 273 S.W.2d 64 (Tex. 1954).

### H. COUNT #4: Violation of the Fair Credit Reporting Act..

51. Plaintiff incorporates by referent the above statement of facts.

52. LVNV and Hosto violated the Fair Credit Reporting Act ( "F.C.R.A."), 15 U.S.C. 1691 *et seq*. Without limitation, LVNV and Hosto violated the F.C.R.A. by willfully or, in the alternatively negligently verifying the amount and status of the debt in violation of 15 U.S.C. § 1681s-2(b). LVNV and Hosto are liable for actual damages, statutory damages, punitive damages and attorney's fees for its F.C.R.A. violations.

53. LVNV and Hosto violated 15 U.S.C. § 1681i(a) by failing to correct or delete inaccurate information in the Smith's credit file after receiving actual notice of such inaccuracies and conducting a reinvestigation and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Smith's credit file.

54. LVNV and Hosto communicated factual misrepresentation regarding Smith's credit worthiness to the credit reporting agencies and, through the agencies, to prospective creditors seeking to extend credit, existing creditors reviewing the accounts to determine the terms upon which it would continue to offer credit, and promotional inquiries from prospective creditors seeking to determine if they should send Ms. Smith credit particular credit offers. LVNV and Hosto's false statements of Smith's are libel per se. These statements made it more difficult for Smith to obtain credit, maintain credit, or receive offers of credit on terms as favorable as they

would be without LVNV and Hosto's factual misrepresentations.

55. The conduct, action and inaction of LVNV and Hosto was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, it was negligent entitling the Smith to recover pursuant to 15 U.S.C. § 1681o.

56. The Plaintiff is entitled to recover costs and attorney's fees from LVNV and Hosto in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

### I.   COUNT #5: Libel

57. Plaintiff incorporates by referent the above statement of facts.

58. LVNV and/or Hosto committed the tort of liable against Plaintiff. LVNV and/or Hosto communicated factual misrepresentation regarding Plaintiff's credit worthiness to the credit reporting agencies and, through the agencies, to prospective creditors seeking to extend credit, existing creditors reviewing the accounts to determine the terms upon which it would continue to offer credit, if any, and promotional inquiries from prospective creditors seeking to determine if they should send Plaintiff credit particular credit offers. LVNV and/or Hosto's false statements are libel per se. On information and belief, these statements made it more difficult for Plaintiff to obtain credit, maintain credit, or receive offers of credit on terms as favorable as they would be without LVNV and/or Hosto's factual misrepresentations. In the alternative, if LVNV and Hosto made any of the statements in a manner other than in writing, Smith brings these claims as slander. Plaintiff seeks strict liability damages, actual, exemplary and punitive damages for these violations.

### J.   COUNT #6: Providing false credit information in violation

**of Tex. Fin. C. § 391.001 et seq.**

59. Plaintiff incorporates by referent the above statement of facts.

60. LVNV and Hosto violation Tex. Fin. C. § 391.001 *et seq* by furnishing false credit information. LVNV and Hosto furnished false information about Smith's creditworthiness, credit standing, or credit capacity to a credit reporting agency in violation of Tex. Fin. C. § 391.002. LVNV and Hosto are liable for statutory damages of $200.00 per violation, actual damages, exemplary and punitive damages, and attorney's fees and costs for its actions.

**K.   COUNT # 7: Equitable relief sought under the D.T.P.A.**

61. Plaintiff incorporates by referent the above statement of facts.

62. Plaintiff seeks equitable relief under the D.T.P.A., which do not require presuit notice. The equitable relief sought includes profit disgorgement, fee forfeiture, and the issuance of a permanent injunction barring LVNV and Hosto from again committing the acts that form the basis of its liability in this suit. Smith need not show actual damages in order to obtain said equitable relief. Kinzbach Tool Co. v. Corbett-Wallace Corp., 160 S.W.2d 509, 514 (Tex. 1942); Watson v. Limited Partners of WCKT, Ltd., 570 S.W.2d 179, 182 (Tex. Civ. App.—Austin 1978, writ ref'd n.r.e.); Russell v. Truitt, 554 S.W.2d 948, 952 (Tex. Civ. App.—Fort Worth 1977, writ ref'd n.r.e.); see also Restatement (Second) of Agency § 399 (1958) (listing remedies).

63. Hosto and LVNV violated Texas Deceptive Trade Practices Act. Defendant committed "false, misleading, or deceptive acts or practices" within the meaning of Tex. Bus. & Com. Code §17.46(a). Scienter is not a prerequisite for D.T.P.A. liability, although knowledge here is clear.

64. The actions of Hosto and LVNV also constitute an "unconscionable action or course of action" which, to Smith's detriment, took advantage of the lack of knowledge, ability, experience, or capacity of Smith to a grossly unfair degree in violation of Tex. Bus. & Com. Code §17.50(a)(3).

65. This petition serves as written notice of Smith's intention to amend suit 60 days from receipt by Defendants to add claims for economic damages. Damages are estimated as the value of the work of Smith's attorney in the prior state court proceedings, estimated at this time at $6,500.00; plus harm to Smith's credit reputation in an amount to be determined by the trier of fact. Additional attorney's fees and costs are estimated at $5,500.00, and are so sought.

66. Plaintiff is entitled to recover reasonable and necessary attorney fees and costs under Tex. Bus. & Com. Code §17.50(d).

### L.   COUNT # 8: Fraud.

67. Plaintiff incorporates the above statement of facts by reference.

68. Hosto and LVNV made material and false representations When Hosto and LVNV made the representations, it knew them to be false, or made the representations recklessly, as a positive assertion, and without knowledge of its truth. Hosto and LVNV made the representations with the intent that they be acted upon. The representations were in fact acted upon causing Smith injury. See Stum v. Stum, 845 S.W.2d 407, 416 (Tex.App.--Fort Worth 1992), overruled on other grounds, Humphreys v. Meadows, 938 S.W.2d 750, 751 (Tex.App.--Fort Worth 1996, writ denied). Smith seeks exemplary and punitive damages for these acts.

### M. COUNT # 9: Intentional misrepresentation.

69. Plaintiff incorporates the above statement of facts by reference.

70. Hosto and LVNV made false statements of fact; made promises of future performance with an intent, at the time the promise was made, not to perform as promised; made statements of opinion based on a false statement of fact; made statements of opinion that the maker knew to be false; or made an expression of opinion that was false, while claiming or implying to have special knowledge of the subject matter of the opinion. The misrepresentations of Hosto and LVNV were relied upon, damaging Smith. Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc., 962 S.W.2d 507, 524 (Tex. 1998). Smith seeks exemplary and punitive damages for these acts.

### N. COUNT # 10: Negligence & gross negligence, including negligent misrepresentation.

71. Plaintiff incorporates the above statement of facts by reference.

72. Hosto and LVNV owed a legal duty to Smith. Without limitation this includes the duty to use ordinary care in making representations and ascertaining the accuracy of information of information given to others. Edco Products Inc., 794 S.W.2d 69, 76-77 (Tex.App.—Austin 1990, writ denied); and the duty to use reasonable care in performing services. Colonial Sav. Ass'n, 544 S.W.2d 116, 119-20 (Tex. 1976). Hosto and LVNV breached their legal duty, and the breach proximately causing Smith harm. Hosto and LVNV is also liable for negligent hiring, training, supervision or retention of competent employees. See, e.g. Morris v. JTM Materials, 78 S.W.3d 28, 49 (Tex.App.—Fort Worth 2002, no pet.). Smith brings these negligence claims in addition to the above causes of action, or, to the degree that the negligence claims are

inconsistent with the above claims, the negligence claims are brought in the alternative to the above claims. Smith seeks exemplary and punitive damages for these acts.

### O. COUNT # 11: Declaratory and injunctive relief.

73. Plaintiff incorporates the above statement of facts by reference.

74. Smith seeks declaratory relief that Hosto and LVNV committed the above violations and an injunction to prevent Plaintiff from again engaging in the conduct giving rise to these claims. C.P.R.C. § 37.004(a). Smith seeks attorney's fees and costs. C.P.R.C. § 37.009; Butnaru v. Ford Motor Co., 84 S.W.3d 198, 210 (Tex. 2002) (injunction issued under principles of equity). Plaintiff seeks attorney's fees, costs, actual damages, exemplary and punitive damages. Smith also seeks declaratory and injunctive relief to enjoin LVNV and/or Hosto to correct their misreporting of Smith's credit worthiness to the credit reporting agencies.

### P. JURY DEMAND.

75. Smith demands a jury trial.

### Q. PRAYER

76. For these reasons, Smith asks for judgment against Hosto, LVNV, Credit Card Receivables and ZB Limited for the following:

    i. The above referenced relief requested;

    ii. Statutory damages (including $1,000.00 pursuant to 15 U.S.C. § 1692k (F.D.C.P.A.); $100 per violation pursuant to Tex. Fin. C. § 392.403(e) (Texas debt collection act); statutory and punitive damages pursuant to the F.C.R.A.; statutory damages of $200.00 per violation of the Tex. Fin. C. §

        391.001 *et seq.*

iii. Actual and economic damages within the jurisdictional limits of the court;

iv. Attorney fees and costs of court;

v. Exemplary and punitive damages;

vi. Prejudgment and post-judgment interest as allowed by law;

vii. Costs of suit;

viii. General relief;

ix. An injunction prevent similar unlawful conduct now and in the future;

x. injunctive relief to enjoin LVNV and/or Hosto to correct their misreporting of Smith's credit worthiness to the credit reporting agencies.

xi. All other relief, in law and in equity, to which Plaintiff may be entitled.

        Respectfully submitted,

        Ahmad Keshavarz
        Attorney for Plaintiff

        State of Texas Bar Number: 24012957

The Law Offices of Ahmad Keshavarz
16 Court St., 26th Floor
Brooklyn, NY 11241-1026

Phone: (718) 766-8376
Fax:   (877) 496-7809
Email: ahmad@AustinConsumerAttorney.com